1  **CARL E. DOUGLAS, Esq. (SBN 097011)**
   *carl@douglashickslaw.com*
2  **JAMON R. HICKS, Esq. (SBN 232747)**
   *jamon@douglashickslaw.com*
3  ***DOUGLAS / HICKS LAW, APC***
   8484 Wilshire Blvd., Suite 548
4  Beverly Hills, California  90211
   Tel: (323) 655-6505; Fax: (323) 927-1941
5

6  Attorneys for Plaintiff,
   Lisette Paulson

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LISETTE PAULSON, | CASE NO.: |
| *Plaintiffs,* | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **Sex and Pregnancy Discrimination – Violation of Title VII** |
| TIDAL; DESIREE PEREZ; JOE BURRINO and DOES 1-10, Inclusive, | 2. **Violation of New York Civil Rights Act** |
| *Defendants.* | 3. **Violation of Patient Protection and Affordable Care Act** |
| | 4. **Violation of Fair Labor Standards Act** |
| | 5. **Violation of New York State Labor Law** |
| | 6. **Intentional Infliction of Emotional Distress** |
| | 7. **Breach of Oral Contract** |
| | **JURY TRIAL DEMANDED** |

COMES NOW LISETTE PAULSON, alleges as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and New York state law in connection with the sexual discrimination (based on breast-feeding) and ultimate unlawful termination of employee LISETTE PAULSON.

## PARTIES

2.     At all relevant times herein, LISETTE PAULSON hereinafter referred to as "PLAINTIFF") was an individual residing in the City of New York, County of New York.

3.     At all relevant times herein, Defendant TIDAL is believed to be a Norwegian / Swedish Corporation doing business in New York, New York.

4.     At all relevant times herein, Defendant DESIREE PEREZ is a resident of New York, New York.  At all relevant times in this complaint Defendant PEREZ was the Chief Operating Officer of TIDAL.

5.     At all relevant times herein, Defendant JOE BURRINO is a resident of New York, New York.  At all relevant times in this complaint Defendant BURRINO was the Chief Financial Officer of TIDAL.

6.     At all relevant times herein, Defendant TIDAL (hereinafter "TIDAL") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Oakland Police Department and its tactics, methods, practices, customs and usage. At all relevant times,

Defendant CITY was the employer of DOES Defendants, individually and as a peace officers.

7. At all relevant times, DOES Defendants, were duly authorized employees and agents of TIDAL, who were acting within their course and scope of employment and within the complete authority and ratification of their principal, Defendant TIDAL.

8. In doing the acts and failing and omitting to act as hereinafter described, Defendants, individually and as employees; were acting on the implied and actual permission and consent of the TIDAL.

9. At all times mentioned herein, each and every TIDAL defendant was the agent of each and every other TIDAL defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every TIDAL defendant.

10. Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOES 1-10 Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiffs. Plaintiffs are informed and believes, and thereon alleges that these DOES 1-10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanted misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs

will seek to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

## PROCEDURAL REQUIREMENTS

11. On approximately June 2, 2015, within 300 days of the acts of which she complains, Plaintiff filed charges of employment discrimination based on sex against Defendants with the Equal Employment Opportunity Commission.

12. On approximately September 9, 2016, less than 90 days prior to the filing of this Complaint, the Equal Employment Opportunity Commission issued a Right-to-Sue letter with respect to Plaintiff's charges.

## FACTUAL BACKGROUND

13. On approximately February 25,2015, Plaintiff began working for Defendant TIDAL as a Consultant. She was approached by Ms. Dorothy Hui – acting head of digital. She offered a position paying $1250 per week for 20 hours. Plaintiff confirmed a start date of March 2, 2015.

14. In early Mary of 2015, interim CEO Vania Schlogel asked Plaintiff if should would like to come back to work full time after she had her baby. CEO Schlogel offered the Plaintiff the opportunity to work from home before coming back full time.

15. On or around May 14, 2015, prior to leaving for maternity leave, had a meeting with Chief Operating Officer Deiree Perez who confirmed that she would be returning to work full time after having the baby.

16. On May 15, 2015, Plaintiff has a planned c-section and her unplanned maternity leave begins.

17. On or about June 30, 2015, Plaintiff confirmed her start date on September 8, 2015 wit Defendant Perez. She reconfirmed her start date of September 8, 2015 with Defendant Perez on or about July 15, 2015. She confirmed that she was returning as a full time employee and not a consultant. She mentioned that she wanted to confirm because she was hiring a nanny for her baby. In response, Defendant Perez stated: "don't worry, we'll take care of you."

18. On September 8, 2015, relying on Defendant Perez' assurances and promises, Plaintiff appeared at work. She worked there for approximately a week. On or about September 14, 2015, she discussed her various matters with Defendant Perez. These discussions include but are not limited too:

    a. Discussion about her schedule;

    b. Working from home;

    c. Area where she would be sitting at work;

    d. Salary desires;

    d. Private area to pump.

19. Defendant Perez initially told Plaintiff to use a bathroom to pump. Plaintiff explained that this would not be feasible. She was also told that she could not use an office (that she had previously used to pump). In fact, Defendant Perez pressed the Plaintiff by asking her if she "had to do this?" Plaintiff explained in no uncertain terms that she had to pump. Frustrated, Perez then asked her if she "had to give her an office."

///

///

///

5

20. Defendant Perez responded to the pumping requests by stating that she "needed to speak to human resources and figure it out." Defendant Perez then told Plaintiff that they would discuss her projects with the rest of the tem at the meeting.

21. On or about September 15, 2015, Plaintiff was present in the team meeting. Five minutes into the meeting, Chief Financial Officer Joe Burrino told her to exit the meeting. It was at this time that Defendant Burrino explained he did not know she was coming back. Just a day after she was working towards arrangements for her "pumping," Plaintiff was terminated.

22. Prior to Plaintiff's return to work, no one had ever informed Defendants who she should see about getting a room or how to gain access to a lactation room.

23. At all times mentioned above, Defendants Perez and Burrino were employees and agents of Defendant TIDAL acting at all material times in the scope of their employment and agency.

24. Based on the above mentioned acts, the Defendants violated Title VII of the Civil Rights Act of 1964; violated Section 7(r) of the Fair Labor Standards Act; and Section 306-C of the New York State Labor Law (Right of Nursing Mothers to Express Breast Milk).

///
///
///
///
///
///
///

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964**

*(Plaintiff LISETTE PAULSON against*
*all Defendants and DOES 1-10, inclusive)*

25. Plaintiff re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. Defendants discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her pregnancy and sex in violation of Title VII of the Civil Rights Act of 1964.

27. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages including, but not limited to mental and emotional distress; anguish; humiliation; embarrassment; medical, therapeutic, and other expenses; lost enjoyment of life; lost wages, and benefits.

28. Defendants acted with malice and reckless indifference to Plaintiff's federally protected rights.

## SECOND CAUSE OF ACTION

**Violation of the New York Civil Rights Act**

**Sex and Pregnancy Discrimination**

*(Plaintiff LISETTE PAULSON against*
*all Defendants and DOES 1-10, inclusive)*

29. Plaintiff realleges paragraph 1 through 28 as if fully set forth herein.

30. Defendants discriminated against Plaintiff with respect to the terms and conditions of her employment on the basis of her pregnancy and sex in violation of the New York Civil Rights Act.

31. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to mental and emotional distress; anguish; humiliation; embarrassment; medical, therapeutic, and other expenses; lost of enjoyment of life; lost wages and benefits.

32. Defendants acted with willful and wanton disregard for Plaintiff's rights and safety.

## THIRD CAUSE OF ACTION

**Violation of the Patient Protection and Affordable Care Act**

**29 U.S.C. Section 4207**

*(Plaintiff LISETTE PAULSON against*

*all Defendants and DOES 1-10, inclusive)*

33. Plaintiff repleads paragraphs 1 through 32 as if fully set forth herein.

34. Defendants were required to provide Plaintiff with reasonable time to express breast milk in a private location, free from intrusion and shielded from the view of the public or other employees, at the time necessary to express breast milk.

35. Defendants refused Plaintiff reasonable time to express breast milk.

36. Defendants failed to provide Plaintiff with a private location free from intrusion and shielded from the view of other employees.

37. Defendants refused to provide Plaintiff a room at the time she needed to express breast milk.

38. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to mental and emotional distress; anguish; humiliation; embarrassment; medical, therapeutic, and other expenses; lost of enjoyment of life; lost wages; and benefits.

39. Defendants acted with malice and reckless indifference for Plaintiff's rights and safety.

## FOURTH CAUSE OF ACTION

**Violation of Section 7 of the Fair Labor Standards Act**

**of 1938 (29 U.S.C. 207)**

*(Plaintiff LISETTE PAULSON against*

*all Defendants and DOES 1-10, inclusive)*

40. Plaintiff repleads paragraphs 1 through 39 as if fully set forth herein.

41. Defendants were required to provide Plaintiff with reasonable time to express breast milk in a private location, free from intrusion and shielded from the view of the public or other employees, at the time necessary to express breast milk.

42. Defendants refused Plaintiff reasonable time to express breast milk.

43. Defendants failed to provide Plaintiff with a private location free from intrusion and shielded from the view of other employees.

44. Defendants refused to provide Plaintiff a room at the time she needed to express breast milk.

45. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to mental and emotional distress; anguish; humiliation; embarrassment; medical, therapeutic, and other expenses; lost of enjoyment of life; lost wages; and benefits.

46. Defendants acted with malice and reckless indifference for Plaintiff's rights and safety.

///

///

///

# FIFTH CAUSE OF ACTION

**Violation of Section 306-C of the New York State Labor Law of 1938 (29 U.S.C. 207)**

*(Plaintiff LISETTE PAULSON against all Defendants and DOES 1-10, inclusive)*

47. Plaintiff repleads paragraphs 1 through 46 as if fully set forth herein.

48. Defendants were required to provide reasonable unpaid break time or permit an employee to use paid break time or meal time each day to allow an employee to express breast milk for her nursing child for up to three years following child birth. Defendants failed to do so.

49. Defendants were required to make reasonable efforts to provide a room or other location, in close proximity to the work area, where an employee can express milk in privacy. Defendants failed to do so.

50. Defendants are not allowed to discriminate in any way against an employee who chooses to express breast milk in the workplace.

51. Defendants were required to provide Plaintiff with reasonable time to express breast milk in a private location, free from intrusion and shielded from the view of the public or other employees, at the time necessary to express breast milk.

52. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to mental and emotional distress; anguish; humiliation; embarrassment; medical, therapeutic, and other expenses; lost of enjoyment of life; lost wages; and benefits.

53. Defendants acted with malice and reckless indifference for Plaintiff's rights and safety.

///

///

# SIXTH CAUSE OF ACTION

## Intentional Infliction of Emotional Distress

*(Plaintiff LISETTE PAULSON against*
*all Defendants and DOES 1-10, inclusive)*

54. Plaintiff re-pleads paragraphs 1 through 53 as if fully set forth herein.

55. When Plaintiff accepted employment with Defendants, Plaintiff was assured job security and that he would not be discharged without good cause, and thereafter remained in his employment in reliance on those assurances.

56. Defendants were in a position of power over Plaintiff, with potential to abuse that power. Plaintiff was in a vulnerable position because she relied upon her employment as a source of income for her support, because a wrongful termination of plaintiff's employment would likely harm plaintiff's ability to find other employment and because of the great disparity in bargaining power between Plaintiff and his employer. Defendants were aware of Plaintiff's vulnerability and the reasons for it.

57. Defendants discharged Plaintiff without good cause or caused her to be discharged without good cause, and confirmed and ratified the discharge. Defendants' discharge of Plaintiff and the manner in which they accomplished it was outrageous in that they terminated her for seeking to express breast milk. The Defendants at all times intended to discharge plaintiff without good cause, in violation of the employment agreement, leaving Plaintiff without her employment and without the income, sense of self worth, and security which he derived from her employment, and which Defendants knew that he derived from his employment.

58. This conduct by Defendants was intended to cause Plaintiff emotional distress or was done with reckless disregard of the probability of causing Plaintiff's emotional distress.

59. Plaintiff suffered severe emotional distress as a legal result of Defendant's outrageous conduct. Plaintiff suffered severe mental distress, suffering and anguish as a legal result of Defendants' outrageous conduct, reacting to his discharge with humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and enduring.

60. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to mental and emotional distress; anguish; humiliation; embarrassment; medical, therapeutic, and other expenses; lost of enjoyment of life; lost wages; and benefits.

## SEVENTH CAUSE OF ACTION

### Breach of Contract

*(Plaintiff LISETTE PAULSON against*

*all Defendants and DOES 1-10, inclusive)*

61. Plaintiff re-pleads paragraphs 1 through 60 as if fully set forth herein.

62. Plaintiff and Defendants entered into an oral employment contract guaranteeing Plaintiff's employment. The basic terms of the agreement provided that Plaintiff's employment would be secure for as long as his performance was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and fringe benefits.

63. Plaintiff undertook and continued employment and duly performed all of the conditions of the employment agreement to be performed by her until prevented by Defendants from further performance. Plaintiff had, at all times,

been ready, willing and able to perform all of the conditions of the agreement to be performed by him.  Plaintiff relied on the Defendant's representations including but not limited to failing to secure other employment.

64.   Defendant breached the oral employment agreement by discharging Plaintiff without good cause and despite his continued satisfactory performance.

65.   Plaintiff suffered damages legally caused by the breach of contract as stated in the section below, which is incorporated here to the extent pertinent as if set forth here in full.

## PRAYER FOR RELIEF

1. For compensatory damages under federal and state law, in an amount to be proven at trial;

2. For punitive damages against the individual defendants in an amount to be proven at trial;

3. For prejudgment interest;

4. For an award of general and special damages in the amount to be proven at trial;

5. For reasonable costs of this suit incurred herein;

6. For reasonable attorney's fees and costs as provided by law;

7. For appropriate equitable and injunctive relief;

8. For such further other relief as the Court may deem just, proper and appropriate.

Dated: November 18, 2016                *DOUGLAS / HICKS LAW, APC*

By:    \_\_\_\_\_/s/ Jamon R. Hicks_____
**JAMON R. HICKS, ESQ.**
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: November 18, 2016              *DOUGLAS / HICKS LAW, APC*


                         By:    __/s/ Jamon R. Hicks_____
                                **JAMON R. HICKS, ESQ.**
                                Attorneys for Plaintiff