UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LISETTE PAULSON,

       Plaintiff,

  -v-                                        No. 16-CV-09049-LTS-OTW

TIDAL, ROC NATION, DESIREE PEREZ,
JOSEPH BORRINO, and DOES 1-10,
Inclusive,

       Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

       Plaintiff Lisette Paulson ("Paulson" or "Plaintiff") brings this action against Desiree Perez ("Perez"), Joseph Borrino ("Borrino"), and Does 1-10, inclusive (collectively, "Individual Defendants"), Tidal, and Roc Nation, (together with Individual Defendants, "Defendants") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et</u> <u>seq.</u> ("Title VII"), New York State Human Rights Law, Executive Law § 296 <u>et</u> <u>seq.</u> ("NYSHRL"), New York Labor Law, § 206-c ("NYLL"), New York Civil Rights Law, § 79-e ("NYCRL"), and tort and contract common law. In her seven-count First Amended Complaint ("Am. Compl."), Plaintiff, a former Tidal employee, alleges that she experienced discrimination based on a pregnancy-related condition: her need to express breast milk. (Docket Entry No. 18.) Specifically, Plaintiff alleges that Defendants failed to provide her with reasonable time and a private location to express breast milk, and that Defendants terminated her employment after she requested accommodation for her pregnancy-related condition. (<u>Id.</u>)

       The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all of Plaintiff's claims against them. (Docket Entry No. 27.)

The Court has considered the parties' submissions carefully. For the following reasons, Defendants' motion is granted in part and denied in part.

BACKGROUND

The following facts are drawn from Plaintiff's First Amended Complaint, the well-pleaded allegations of which are taken as true for purposes of this motion practice. In February 2015, while pregnant, Paulson began working as a part-time consultant for Tidal. (Am. Compl. ¶¶ 15, 18.) Approximately two months into Paulson's consulting engagement, and a few weeks before she gave birth, Tidal asked Paulson to return as a full-time employee after her maternity leave. (Id. at ¶¶ 16-18.) On May 15, 2015, Paulson gave birth. (Id. at ¶ 18.) On September 8, 2015, Paulson began her full-time employment with Tidal, but several terms of Paulson's employment remained unsettled, including (i) her schedule, (ii) her salary, and (iii) where she could express breast milk. (Id. at ¶¶ 19-20.)

On September 14, 2015, Paulson and Defendant Perez (Tidal's Chief Operating Officer) discussed areas where Paulson could express breast milk. (Id. at ¶¶ 5, 20-21.) Paulson requested a private area, but Perez "told [her] to use a bathroom." (Id. at ¶¶ 20-21.) In response, Paulson "explained that [using a bathroom] would not be feasible." (Id. at ¶ 21.) Perez then "pressed the Plaintiff" and "ask[ed] her if she 'had to do this?'" (Id.) Paulson answered affirmatively. (Id.) Perez concluded the conversation by stating that she "'needed to speak to human resources and figure it out.'" (Id. at ¶ 22.) On September 15, 2015—one day after her discussions with Perez—Paulson was terminated from her employment with Tidal. (Id. at ¶ 23.)

DISCUSSION

Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's First Amended Complaint in its entirety for failure to state a claim upon which relief can be granted. (See Docket Entry No. 27.) In determining whether a plaintiff has set forth the "short and plain statement of the claim showing that [she is] entitled to relief" required by the Federal Rules (see Fed. R. Civ. P. 8(a)(2)), the Court looks to whether the allegations in the complaint establish the "facial plausibility" of the plaintiff's claims. Ashcroft v. Iqbal, 556 U.S. 662, 678-78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Such a showing "must be enough to raise a right to relief above the speculative level," requiring "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (internal quotation marks omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court assumes the truth of the facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted).

First Cause of Action: Sex and Pregnancy Discrimination in Violation of Title VII

Title VII provides, in relevant part, that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C.S. §

2000e-2(a) (LexisNexis 2012). Title VII, as amended by the Pregnancy Discrimination Act, defines the phrases "because of sex" and "on the basis of sex" to include "because of or on the basis of pregnancy . . . or related medical conditions." 42 U.S.C.S. § 2000e(k) (LexisNexis 2009). Paulson claims that Defendants discriminated against her "with respect to terms and conditions of her employment on the basis of her pregnancy and sex in violation of Title VII of the Civil Rights Act" by, inter alia, "terminat[ing] Plaintiff after she requested a private area to express breast milk." (Am. Compl. ¶¶ 28-32.) The Court will address Plaintiff's Title VII claims against each Defendant in turn.

*Title VII Claim Against Tidal*

Paulson alleges that Tidal discriminated against her in violation of Title VII. (Am. Compl. ¶ 29.) A plaintiff bringing a Title VII employment discrimination lawsuit must allege that (i) she is a member of a protected class, (ii) she was qualified for the position she sought, and (iii) she suffered an adverse employment action, and (iv) sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation. Littlejohn v. City of N.Y., 795 F.3d 297, 311 (2d Cir. 2015).

Tidal argues that Paulson is not a member of a protected class by virtue of her need to express breast milk and, thus, that Plaintiff fails to adequately plead the first element of a Title VII claim.[1] (Defs. Br. at 21.) The Court disagrees. "'[L]actation is a related medical condition of pregnancy for purposes of the [Pregnancy Discrimination Act]'." E.E.O.C. v. Vamco Sheet Metals, Inc., No. 13-cv-6088 JPO, 2014 WL 2619812 at *6 (S.D.N.Y. June 5,

---

[1]  Tidal does not challenge the sufficiency of Plaintiff's pleadings with regard to the second, third, and fourth elements. (See Docket Entry No. 27-3, Joint Memorandum of Law in Support of Defendants Roc Nation, Tidal, Desiree Perez, Joseph Borrino and Does 1-10 Inclusive's Motion to Dismiss Plaintiff's First Amended Complaint ("Defs. Br.").)

2014) (quoting E.E.O.C. v. Houston Funding II, Ltd., 717 F.3d 425, 428-30 (5th Cir. 2013)); see also Grewcock v. Yale New Haven Health Servs. Corp., 293 F. Supp. 3d 272, 274 (D. Conn. 2017) (concluding that breast milk expression is subject to protection under Title VII); Pawlow v. Dep't of Emergency Servs. & Pub. Prot., 172 F. Supp. 3d 568, 574-75 (D. Conn. 2016) (same). Because lactation is a "[pregnancy] related medical condition" under Title VII, and Plaintiff alleges that Tidal discriminated against her because of her need to express breast milk, Plaintiff has sufficiently alleged that she is a member of a protected class. See 42 U.S.C.S. §§ 2000e-2(a) (LexisNexis 2012), 2000e(k) (LexisNexis 2009).

Paulson also pleads sufficiently the three remaining elements of her Title VII claim against Tidal. First, the Court infers from Paulson's allegations that she was qualified for her position with Tidal. After initially hiring Paulson as a part-time consultant and evaluating her qualifications for several months, Tidal expanded Paulson's role and hired her as a full-time employee. (Am. Compl. ¶¶ 15-17.) If Tidal had determined Paulson was unqualified, it would not have offered her full-time employment. Second, Paulson allegedly suffered an adverse employment action when she was terminated from Tidal. See Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000). Third, Paulson's allegations sustain the minimal burden of showing facts suggesting an inference of discriminatory motivation. The close temporal relationship between (i) Paulson's efforts to secure appropriate accommodations to express breast milk, (ii) Tidal's negative reaction to those efforts, and (iii) Plaintiff's termination from Tidal, viewed together, give rise to an inference of discrimination. See Briggs v. Women in Need, Inc., 819 F. Supp. 2d 119, 128 (E.D.N.Y. 2011). Therefore, Defendants' motion is denied as to Plaintiff's Title VII claim against Tidal.

*Title VII Claim Against Roc Nation*

Paulson also asserts a Title VII cause of action against Roc Nation. The "existence of an employer-employee relationship is a primary element of Title VII claims." Gulino v. N.Y. State Educ. Dep't, 460 F.3d 361, 370 (2d Cir. 2006). Where a plaintiff fails to allege that the plaintiff and the defendant have an employment relationship, the complaint should be dismissed. See Krasner v. Episcopal Diocese of Long Island, 328 F. Supp. 2d 367, 371 (E.D.N.Y. 2004).

Plaintiff fails to allege any facts from which the Court could reasonably infer that Roc Nation and Plaintiff had an employment relationship at the time of the alleged discrimination. Here, Plaintiff's only substantive allegation regarding Roc Nation concerns the employment relationship between the Individual Defendants and Roc Nation. (Am. Compl. ¶ 26.) The First Amended Complaint is silent as to the employment relationship between Plaintiff and Roc Nation. Accordingly, Plaintiff's First Cause of Action is dismissed as against Roc Nation. As Plaintiff fails to state a federal claim against Roc Nation, the Court declines to exercise supplemental jurisdiction over the state law claims asserted against it in the Second through Seventh Causes of Action.

*Title VII Claim Against the Individual Defendants*

While Plaintiff also asserts her Title VII cause of action against the Individual Defendants, it is well-settled that Title VII does not provide for individual liability. See, e.g., Spiegel v. Schulmann, 604 F.3d 72, 79 (2d Cir. 2010). Therefore, the Individual Defendants' motion is granted as to Plaintiff's First Cause of Action. As Plaintiff fails to state a federal claim against the Individual Defendants, the Court declines to exercise supplemental jurisdiction over the state law claims asserted against them in the Second through Seventh Causes of Action.

Second Cause of Action: Sex and Pregnancy Discrimination in Violation of NYSHRL

In her Second Cause of Action, Paulson alleges that Tidal discriminated against her based on her sex and her pregnancy-related condition in violation of the NYSHRL. (Am. Compl. ¶¶ 33-36.) Claims asserted under Title VII and the NYSHRL are reviewed according to the same standards and are analytically identical. See Pucino v. Verizon Wireless Commc'ns, Inc., 618 F.3d 112, 117 n.2 (2d Cir. 2010); see also Torres v. Pisano, 116 F.3d 625, 629 n.1 (2d Cir. 1997). Therefore, for the same reasons stated in the section titled "Title VII Claim Against Tidal," above, the Court denies Defendants' motion to dismiss Paulson's Second Cause of Action for sex and pregnancy discrimination as against Tidal.

Third Cause of Action: Violation of NYLL Section 206-c

Paulson also brings a claim against Tidal pursuant to NYLL Section 206-c. (Am. Compl. ¶¶ 37-44.) Plaintiff alleges that Tidal violated the NYLL by failing to provide her with paid or unpaid break time to allow her to express breast milk. (Am. Compl. ¶ 38.)

Section 206-c provides, in relevant part, that an "employer shall make reasonable efforts to provide a room or other location, in close proximity to the work area, where an employee can express milk in privacy," and that "[n]o employer shall discriminate in any way against an employee who chooses to express breast milk in the work place." N.Y. Lab. Law § 206-c. But "[t]he statutory text of the NYLL § 206-c is silent as to whether it creates a private right of action." Vamco Sheet Metals, Inc., 2014 WL 2619812 at *7. While Plaintiff urges the Court to find an implied right of action under Section 206-c (see Docket Entry No. 28, Plaintiff's Response in Opposition to Defendants' Joint Motion to Dismiss ("Pl. Opp.") at 8-9), no New York state court has yet addressed this issue. See Vamco Sheet Metals, Inc., 2014 WL 2619812

at *8.  Therefore, Plaintiff's NYLL claim "raises a novel . . . issue of State law," and the Court declines to exercise jurisdiction pursuant to 28 U.S.C. § 1367(c)(1).  See Chenensky v. N.Y. Life Ins. Co., 942 F. Supp. 2d 388, 395 (S.D.N.Y. 2013).

Fourth Cause of Action: Violation of NYCRL Section 79-e

   Plaintiff alleges that Tidal violated Section 79-e of the NYCRL by failing to make reasonable efforts to provide a room or other location where she could express breast milk in privacy.  (Am. Compl. ¶¶ 45-51.)  Section 79-e of the NYCRL provides that "a mother may breast feed her baby in any location, public or private, where the mother is otherwise authorized to be . . . ."  N.Y. Civ. Rights Law § 79-e.  "The language of the statute unambiguously refers only to breast-feeding, not to expressing milk."  Landor-St. Gelais v. Albany Int'l Corp., 763 N.Y.S.2d 369, 370 (N.Y. App. Div. 2003) (emphasis added).  Therefore, this Court is "obligated to construe the statute so as to give effect to the plain meaning of the words."  Id. (quoting Cole v. Mandell Food Stores, 93 N.Y.2d 34, 39 (1999)).  Because Plaintiff's allegations refer only to breast milk expression, which is not covered by NYCRL Section 79-e, Plaintiff's Fourth Cause of Action against Tidal is dismissed for failure to state a claim upon which relief may be granted.

Fifth Cause of Action: Intentional Infliction of Emotional Distress

   Plaintiff claims that Tidal is liable for intentional infliction of emotional distress for terminating her employment on the basis of her pregnancy-related condition.  (Am. Compl. ¶¶ 52-58.)  To sufficiently plead a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must allege (i) extreme and outrageous conduct, (ii) intent to cause severe emotional distress, (iii) a causal connection between the conduct and the injury, and (iv) severe emotional distress.  Bender v. City of N.Y., 78 F.3d 787, 790 (2d Cir. 1996).  "Liability [for IIED] has been

found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999). "New York courts are exceedingly wary of claims for intentional infliction of emotional distress in the employment context because of their reluctance to allow plaintiffs to avoid the consequences of the employment-at-will doctrine by bringing a wrongful discharge claim under a different name." Mariani v. Consol. Edison Co. of N.Y., 982 F. Supp. 267, 275 (S.D.N.Y. 1997). In the employment context, harassment or discrimination alone is insufficient to state an IIED claim: "in the rare instances where New York courts have recognized a claim for intentional infliction of emotional distress in the employment context, the claims have alleged not merely sexual harassment, but more significantly, battery." Wahlstrom v. Metro-N. Commuter R. Co., 89 F. Supp. 2d 506, 529 (S.D.N.Y. 2000) (quotations omitted).

Paulson's IIED claim is based on Tidal's allegedly discriminatory termination. Allegations of wrongful termination alone, without more, do not "rise to the level of outrageousness New York law demands for a viable IIED claim." See Hargett v. Metropolitan Transit Authority, 552 F. Supp. 2d 393, 402 (S.D.N.Y. 2008). While Plaintiff's allegedly wrongful termination may be distressing, Defendant's conduct as described in the Amended Complaint was not so extreme in degree as to go beyond all possible bounds of decency. See Stuto, 164 F.3d at 827. Paulson's allegations contain none of the hallmarks of successful IIED claims: she does not allege that Tidal (i) publicly humiliated her, (ii) made false accusations of criminal or heinous conduct, (iii) verbally abused or harassed her, or (iv) physically assaulted, battered, or threatened her. See Stuto, 164 F.3d at 828. Nor do the facts of Paulson's claim resemble the extreme allegations New York courts have found sufficient to support a claim of

IIED; Paulson does not allege that Tidal sexually harassed and battered her.  See Wahlstrom, 89 F. Supp. 2d at 529.

Because Paulson fails to allege conduct that was "extreme and outrageous," her Fifth Cause of Action is dismissed as against Tidal.

Sixth Cause of Action: Breach of Oral Contract

Plaintiff also asserts a breach of contract claim against Tidal.  (Am. Compl. ¶¶ 59-63.)  Paulson claims that she and Tidal entered into an oral employment contract, and that Tidal breached that contract when "[s]he was discharged for requesting a separate room to express breast milk."  (Am. Compl. ¶¶ 60, 62.)  "Under New York law, employment for an indefinite or unspecified term is presumed to be at will and freely terminable by either party at any time without cause or notice."  Reddington v. Staten Island Univ. Hosp., 511 F.3d 126, 137 (2d Cir. 2007) (quotations omitted).  Tidal argues that Paulson fails to rebut the presumption that she was an "at-will" employee and, thus, their employment relationship was terminable at any time.  (Defs. Br. at 19-20.)

Plaintiff cannot state a claim for breach of contract against Tidal because she fails to allege that her employment contract with Tidal was one for a definite term that required "cause" as a predicate for termination.  In her Opposition Brief, she concedes that she and Tidal did not have an "agreement establishing a fixed duration."  (Pl. Opp. at 12.)  Thus, Plaintiff has failed to rebut the presumption that her employment with Tidal was "at-will," and Tidal was free to (as it did) terminate Paulson's employment "at any time without cause or notice."  See Reddington, 511 F.3d at 137.  Paulson's Sixth Cause of Action is dismissed as against Tidal.

Seventh Cause of Action: Retaliation in Violation of NYSHRL

Paulson alleges that Tidal retaliated against her in violation of the NYSHRL. (Am. Compl. ¶¶ 64-70.) In order to state a claim of retaliation under the NYSHRL, a plaintiff must allege that "(i) she has engaged in protected activity, (ii) her employer was aware that she participated in such activity, (iii) she suffered an adverse employment action based upon her activity, and (iv) there is a causal connection between the protected activity and the adverse action." Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 312-13 (2004).

"Protected activity refers to action taken to protest or oppose statutorily prohibited discrimination." Sharpe v. MCI Commc'ns Servs., Inc., 684 F. Supp. 2d 394, 406 (S.D.N.Y. 2010) (quotations omitted). Generalized grievances regarding mistreatment are not "protected activity." See Forrest, 3 N.Y.3d at 313. Instead, "[t]he onus is on the speaker to clarify to the employer that he is complaining of unfair treatment due to his membership in a protected class and that he is not complaining merely of unfair treatment generally." Sharpe, 684 F. Supp. 2d at 406-07 (dismissing plaintiff's retaliation claim for failure to allege protected activity where plaintiff had not mentioned race or racial discrimination in his complaints to defendant employer).

Here, Plaintiff asserts that she engaged in protected activity "when she requested a reasonable accommodation for her pregnancy," and "when she . . . [made] a verbal or informal complaint to management." (Am. Compl. ¶¶ 66-67.) But Plaintiff's allegations concerning her complaints make no mention of sex or pregnancy discrimination, nor do they support an inference that Plaintiff made it clear to Tidal that she believed that she was being treated unfairly because of her membership in a protected class. Instead, Plaintiff merely claims that she (i) stated that pumping breast milk in the bathroom was not feasible, and (ii) insisted that she "had to" pump breast milk. (Am. Compl. ¶ 21.) These allegations resemble the kind of "generalized"

grievances New York courts have rejected as insufficient to state a claim of retaliation.  <u>Forrest</u>, 3 N.Y.3d at 313.  Therefore, Defendants' motion to dismiss Plaintiff's Seventh Cause of Action as against Tidal is granted.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the First Amended Complaint is granted in part and denied in part.  As to Defendant Tidal, the Court denies the motion to dismiss Causes of Action One and Two, but grants the motion to dismiss Causes of Action Three, Four, Five, Six, and Seven.  As to Defendant Roc Nation, the Court grants the motion to dismiss as to Cause of Action One, and declines to exercise supplemental jurisdiction of the remaining state law claims, without prejudice to Plaintiff's ability to reallege those causes of action should Plaintiff sufficiently replead its federal claim.  As to the Individual Defendants, the Court grants the motion to dismiss Cause of Action One with prejudice, and declines to exercise supplemental jurisdiction of the remaining state law claims.

Because Plaintiff's opposition to the motion includes a request for leave to replead, Plaintiff is hereby granted permission to move for leave to file a further Amended Complaint reframing any of the dismissed claims in a manner consistent with this Memorandum Order.  Any such motion must be filed no later than 21 (twenty-one) days from the date of this Memorandum Order, (<u>i.e.</u>, by **August 6, 2018**), and must be accompanied by a proposed Second Amended Complaint, a blacklined comparison of the proposed Second Amended Complaint to the First Amended Complaint, showing all changes, and a memorandum of law.  The motion will be briefed in accordance with the schedule set forth in S.D.N.Y. Local Civil Rule 6.1(b).  Failure to make such a timely motion, or the denial of the motion as futile, will result in dismissal of the dismissed claims with prejudice, except insofar as the Court has simply declined to exercise

subject matter jurisdiction of them, without further advance notice.  The parties are reminded of the Court's Individual Practices Rules, which require the moving party to certify in clear terms in the notice of motion that the movant has used its best efforts to resolve informally the matters raised in its submission.  See Rule A.2.b.ii.

This Memorandum Order resolves Docket Entry No. 27.

This case is now referred to Magistrate Judge Wang for general pre-trial management, and the conference scheduled for September 7, 2018, before the undersigned is canceled.  The parties are directed to contact Judge Wang's chambers to make arrangements for an initial pre-trial conference.

SO ORDERED.

Dated: New York, New York
       July 16, 2018

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge